**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 12-10108, 12-10335 |
| Plaintiff - Appellee, | D.C. No. 5:07-cr-00373-RMW-1 |
| v. | |
| NED ROSCOE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, Senior District Judge, Presiding

Argued and Submitted October 9, 2013
San Francisco, California

Before: HAWKINS, N.R. SMITH, and NGUYEN, Circuit Judges.

Ned Roscoe was convicted of bank fraud and now contests the validity and

amount of the district court's restitution order.

1. Roscoe claims that the restitution order is unconstitutional under *Apprendi*

*v. New Jersey*, 530 U.S. 466 (2000), because it is based on facts found by the judge

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

rather than the jury. However, this court rejected that argument in *United States v. Green*. 722 F.3d 1146, 1151 (9th Cir. 2013).

2. Roscoe challenges the amount of restitution the court ordered him to pay. The Mandatory Victims Restitution Act requires a defendant to "make restitution to the victim of the offense" in an amount equal to the value of the property lost. 18 U.S.C. § 3663A(a)(1), (b)(1). Thus, "[t]he government has the burden of establishing by a preponderance of the evidence that the victim's damages were caused by the conduct of which defendant was convicted." *United States v. Peterson*, 538 F.3d 1064, 1074-75 (9th Cir. 2008) (quotation marks omitted).

A district court "has broad discretion in ordering restitution. A restitution order is reviewed for abuse of discretion, provided it is within the bounds of the statutory framework. The court's valuation methodology is reviewed *de novo*. The factual findings supporting a restitution order are reviewed for clear error." *United States v. Berger*, 473 F.3d 1080, 1104 (9th Cir. 2007) (internal citations omitted).

The district court did not abuse its discretion in ordering Roscoe to pay approximately $10.2 million in restitution. From May to November 2003, Roscoe signed and transmitted fraudulent inventory reports to support the loan obligation of Cigarettes Cheaper! (CC). (While Roscoe's father was CC's CEO, Roscoe oversaw CC's day-to-day operations.) As a result, Comerica permitted CC to

2

maintain a $21 million line of credit over that period. However, if inventory had

not been fraudulently reported, CC would have only have been eligible for a loan

of approximately $10.3 million. This $10.7 million difference[1] was appropriately

used by the district court as the basis for calculating the restitution order under

*United States v. Berger*. *See id.* at 1104-07.

The district court accurately viewed the loan arrangement in the aggregate,

*id.* at 1105, and did not abuse its discretion in attributing the entire overadvance in

loan principal to Roscoe's fraud, considering each fraudulent inventory report

reinforced to Comerica the incorrect assumption that CC's inventory was valued as

reported. Further, even assuming Comerica's prospects of recovering the

fraudulently obtained portion of the loan were slim, that does not reduce the loss

attributable to Roscoe's fraud. *Id.* at 1107.

Therefore, the district court's restitution order is **AFFIRMED**.

---

[1]This $10.7 million loss is the difference between the actual loan, $21 million, and the amount the loan should have been absent Roscoe's fraud, $10.3 million. The district court began with the $10.7 million amount, deducted payments already made, then added interest, to arrive at the approximately $10.2 million figure in the district court's final order.